THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICARDO RIVERA-ORTIZ,**

    Petitioner,

    v.

**THE UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 22-01115 (ADC)**
**[Related to Crim. No. 13-633 (ADC)]**

## OPINION AND ORDER

**I.     Introduction**

Pending before the Court is petitioner Ricardo Rivera-Ortiz's ("petitioner") *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on February 23, 2022. **ECF No. 1**. The United States of America ("respondent" or "government") opposed petitioner's motion, arguing, *inter alia*, that the Court should consider it not as a § 2255 motion, but as a request for issuance of a writ of *coram nobis*, and should deny it as such. **ECF No. 4**.

Having considered the above filings, and for the ensuing reasons, the Court construes petitioner's motion as a request for a writ of *coram nobis* and **DENIES** petitioner's request.

**II.    Background**

Petitioner was convicted by a jury on three counts of making false statements or entries to the United States Department of Labor (18 U.S.C. § 1001), one count of theft of government property in the form of Social Security Disability Insurance Benefit payments (18 U.S.C. §§ 641-

2), and one count of concealment or failure to disclose an event to the Social Security Administration ("SSA") (42 U.S.C. § 408(a)(4)). On December 14, 2018, the Court sentenced him to serve a term of probation of three years and ordered him to pay $4,139.80 to the SSA in restitution. *See* ECF No. 307, *United States v. Rivera-Ortiz*, Crim. Case No. 13-633 (ADC) (Dec. 14, 2018) (Judgment); *see also id.*, ECF No. 194-3 (Superseding Indictment).

Petitioner appealed his conviction to the First Circuit Court of Appeals. *See id.*, ECF No. 309. The First Circuit denied petitioner's appeal on September 21, 2021. *United States v. Rivera-Ortiz*, 14 F.4th 91 (1st Cir. 2021). Three months later, on December 14, 2021, petitioner finished serving his term of probation. The government claims that he has also since satisfied his restitution payment.

On February 23, 2022, petitioner filed his motion under 28 U.S.C. § 2255. In it, petitioner raises five separate grounds for relief. First, that incorrect information was introduced at trial through the testimony of Juan Delgado who allegedly did not show the correct documents as to his salary nor documents showing that he (petitioner) had requested "to return to work as requested by the Department of Labor." Petitioner contends there was no proper cross-examination of the witness. **ECF No. 1**, at 4. He claims that "lawyers had these documents and [they] were not shown at trial." *Id*. Second, petitioner alleges that the SSA documents presented at trial were "incorrect" and did not establish that his ability to work must be reported to the SSA. *Id.* at 6. Third, petitioner argues that counsel provided him with notice of the First Circuit judgment in his case "on Dec[ember] 2021," and that a "[c]ertiorari petition was never filed or

request[ed]." *Id*. at 7. *Fourth*, petitioner claims that the SSA returned "all benefits in full" to him, imposing "no penalties" against him during the administrative procedures and finding such, that he has submitted no "incorrect information." *Id*. at 9. Finally, petitioner states that his lawyers denied him the ability to testify on his behalf, despite having been told that he would "have a second chance to do so." *Id*. at 10.

On August 30, 2022, the government moved to oppose petitioner's motion, arguing that the petitioner's motion does not satisfy the standard for relief under either 28 U.S.C. § 2255 or a writ of *coram nobis*. **ECF No. 4**, at 1. The government argues that, because petitioner has never been in custody, is no longer under probation or other supervision, and has satisfied his obligation of restitution (and therefore has no liberty restraint that could meet § 2255's "in custody" requirement), he is not entitled to § 2255 relief. *Id*. at 3. The government thereby construes petitioner's motion as an application for a writ of *coram nobis* and argues that petitioner is not entitled to such relief, as he failed to satisfy the required legal threshold. *Id*. at 4.

### III.   Legal Standard

To succeed on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the petitioner must illustrate that the "sentence was (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Such relief is only

available to individuals who are "prisoner[s] in custody under sentence of a court established by [an] Act of Congress. . . ." 28 U.S.C. § 2255(a).

For a petitioner who is no longer incarcerated or "in custody" for the purposes of relief under 28 U.S.C. § 2255, the writ of *coram nobis* is available so that the petitioner may seek collateral redress. 28 U.S.C. § 1651; *United States v. Morgan*, 346 U.S. 502, 511 (1954) (allowing "prisoners' rights of collateral attack upon their convictions" through the writ of *coram nobis*). The writ of *coram nobis* is "a remedy of last resort for the correction of fundamental errors of fact or law." *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012). In a post-conviction challenge, there is a strong presumption "of finality [that] attaches to criminal convictions once all direct appeals have been exhausted." *Singleton v. United* States, 26 F.3d 233 (1st Cir. 1994). Postconviction relief on collateral review is "an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." *Id*. at 236. Accordingly, the remedy of a writ of *coram nobis* is applied sparingly, and only in cases where there is a legal or factual error fundamental to a judgment. *Morgan*, 346 U.S. at 512.

The First Circuit "has adopted a three-part test to determine whether a petitioner is eligible for *coram nobis* relief, along with a fourth part that addresses whether relief should actually be granted." *Murray* v. *United States*, 704 F.3d 23, 29 (1st Cir. 2013) (quoting *Morgan*, 346 U.S. at 511). To establish eligibility for this relief, the petitioner must "first adequately explain his failure to seek relief earlier through other means; second, he must show that he continues to suffer a significant collateral consequence from the judgment being challenged and that issuance

of the writ will eliminate this consequence; and third, he must demonstrate that the judgment resulted from a fundamental error." *Id*.

The petitioner bears the burden of persuasion on all three steps, and even if all three are satisfied, the court may, in its discretion, deny the petition if the "petitioner fails to show that justice demands the extraordinary balm of *coram nobis* relief." *Aceituno v. United States*, No. 24-1343, 2025 WL 926275, at *4 (1st Cir. Mar. 27, 2025) (cleaned up). Successful petitions for *coram nobis* relief are therefore "hen's-teeth rare." *George*, 676 F.3d at 254.

**IV.   Discussion**

    **A.  No Failure to Seek Relief Through Other Means.**

A writ of *coram nobis* is rarely – if ever – available if a petitioner has already litigated the case on appeal. *George*, 676 F.3d at 254.

Petitioner fully litigated his case on appeal to the First Circuit. *See* ECF No. 309, *United States v. Rivera-Ortiz*, Crim. Case No. 13-633 (ADC) (Notice of Appeal); *Rivera-Ortiz*, 14 F.4th 91. Two of petitioner's claims here, (i) issues with the cross-examination of the government witness, **ECF No. 1**, at 5, and (ii) issues the evidence presented regarding SSA and ability to return to work, **ECF No. 1**, at 6, were directly litigated on appeal. *See Rivera-Ortiz*, 14 F.4th at 101-102. Because petitioner fully and fairly litigated these issues on appeal, he did not fail to seek relief on these issues.

Although petitioner alleges that counsel did not file a petition for a writ of certiorari, it is unclear from the allegations in the petition whether this was due to petitioner's informed

decision to forego this option or because counsel failed to timely notify petitioner of the filing deadline and file the petition. **ECF No. 1**, at 7. In either event, failure to file a petition for a writ of certiorari does not indicate that petitioner failed to seek relief through other means.

**B. No Illustration Petitioner Continues to Suffer Significant Collateral Consequences.**

The First Circuit, while it not explicitly setting out criteria for what constitutes "continuing collateral consequences," has held that a conviction, in and of itself, does not qualify as such. *George*, 676 F.3d at 255-256; *Hager v. United States*, 993 F.2d 4, 5 (1st Cir. 1993) (holding that one year of unsupervised probation and $75,000 fine did not constitute a continuing collateral consequence of conviction); *see Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (holding that inability to achieve lawful permanent resident status as a result of conviction and therefore being subject to deportation constituted a continuing collateral consequence of conviction).

Here, petitioner's term of probation expired on December 14, 2021, a year before he filed the motion to vacate, set aside, or correct his sentence. *See* **ECF 1**, at 1. The government states that petitioner has satisfied his restitution obligations to the SSA. Accordingly, less of a continuing collateral consequence of the judgment exists. Even were such obligation to exist, it is well settled that the financial burden imposed by a sentence, much like the conviction itself, cannot constitute a collateral consequence of conviction. *See Cruzado-Laureano v. United States*,

146 F. Supp. 3d 445, 448 (D.P.R. 2015) (holding that a "continuing obligation to pay [] restitution" is insufficient to grant a writ of *coram nobis*).[1]

### C. No Fundamental Error.

The writ of *coram nobis* is limited to "those cases where the errors were of the most fundamental character, that is, such as render[ing] the proceeding itself irregular and invalid." *United States v. Michaud*, 925 F.2d 37, 39 (1st Cir. 1991). Ineffective assistance of trial counsel is insufficient to satisfy the standard for fundamental error and warrant *coram nobis* relief. *Enwonwu v. United States*, 199 F. App'x 6, 7 (1st Cir. 2006).

Neither of petitioner's remaining claims – either that the SSA returned "all benefits in full" to him, imposing "no penalties" and finding no "incorrect information" in his submissions, *id*. at 9, or that he was denied the ability to testify on his own behalf, **ECF No. 1**, at 10 – even comes close to the threshold of constituting a "fundamental error" in the judgment. The claim that the SSA returned benefits and found no incorrect information articulates no harm to the petitioner, let alone insinuates any fundamental error in the criminal case judgment. More so, Petitioner's claim that he was unable to testify is belied by the trial transcript, which indicates that petitioner made an informed decision not to testify at trial. *See* Transcript of Jury Trial, at 62-63 (May 16, 2017). Even had petitioner's counsel advised him against testifying, despite his

---

[1] The Court is cognizant that petitioner's felony conviction indeed may have serious consequences in his day-to-day to life, which likely are not recognized by this Circuit's jurisprudence on collateral consequences required for granting the writ of *coram nobis*. Petitioner, however, does not enumerate or claim any such collateral consequences in his petition.

protestations, petitioner would at most be able to formulate an ineffective assistance of counsel claim; this alone, too, would not satisfy the standard for a fundamental error meriting *coram nobis* relief. *See Enwonwu*, 199 F. App'x at 7.

Given all of the above factors, it is clear that it is well within this Court's discretion to deny the request for a writ of *coram nobis*. *See Aceituno*, No. 24-1343, 2025 WL 926275, at *4.

### D. No need for an evidentiary hearing.

"A district court may dismiss a [§] 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations [] consist of no more than conclusory prognostication and perfervid rhetoric." *Moreno-Espada v. United States*, 666 F.3d 60, 66 (1st Cir. 2012) (citations omitted).

Pursuant to the preceding analysis, the Court will not hold an evidentiary hearing. The underlying facts are sufficiently developed on the record and petitioner has not demonstrated a need to investigate them further. *See Acosta-Andujar v. U.S.*, 74 F.Supp.3d 496, 499 (2015) (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). The Court is thus not persuaded that an evidentiary hearing is warranted.

### V. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings, Rule 11, 28 U.S.C. §2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

**VI.   Conclusion**

For the above-stated reasons, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence at **ECF No. 1**. The above-captioned case is **DISMISSED**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2025.

                                                       **S/AIDA M. DELGADO-COLÓN**
                                                       **United States District Judge**